

**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Thomas H. Edmonds
Assistant United States Attorney
Tom.Edmonds@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

January 16, 2026

Conor T. Huseby
Boise Huseby LLP
121 SW Morrison St., Suite 700
Portland, OR 97204

    Re:    *United States v. Yorlenys Betzabeth Zambrano-Contreras*
           Case No. 3:25-mj-00006 (D. Oregon); EP:26-M-00156-ATB (W.D. Texas)
           Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO), and the U.S. Attorney's Office in the Western District of Texas and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to plead guilty to Count One of an Information, which charges the violation of Title 8, United States Code, Section 1325(a)(1).

3.    **Penalties**: The maximum sentence is 6 months' imprisonment, a fine of $5,000, and a $10 fee assessment. Defendant agrees to pay the fee assessment on the day of sentencing or explain to the Court why this cannot be done.

        **Defendant understands that because defendant is not a citizen of the United States, defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty. Defendant agrees not to file a *habeas corpus* petition during the pendency of the sentence in this case. Defendant agrees not to challenge her conditions of administrative detention; release/supervision (as set forth in the Order of Recognizance); pursuant to, but not limited to, 18 U.S.C. § 2241.**

Revised Dec. 2024

Conor T. Huseby
Re: Yorlenys Betzabeth Zambrano-Contreras Plea Agreement Letter
Page 2
January 14, 2026

4.      **Elements and Factual Basis**:  In order for defendant to be found guilty of Count One of the Indictment, the government must prove the following element beyond a reasonable doubt:

First, on the date in the Information, defendant entered or attempted to enter the United States at a place other than as designated by an immigration official;

Second, defendant was an alien, not a citizen of the United States.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel.  Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea.  The following facts are true and undisputed:

On September 16, 2023, defendant, an alien and citizen of Venezuela, entered the United States from Mexico, approximately one mile east of the Paso Del Norte Port of Entry in El Paso, Texas, in the Western District of Texas.  A United States Border Patrol agent encountered her and determined that she had unlawfully entered the United States, that she was an undocumented non-citizen, and arrested her.

5.      **Venue and Waiver**: Pursuant to Fed. R. Crim P. 58(c)(2)(A), defendant agrees to waive venue and trial in the district where the proceeding was pending (W.D. Texas), and consents to the court in this District of Oregon disposing of the case where she was arrested. Additionally, defendant agrees to have her plea and sentencing conducted with her appearing by VTC, with her in Tacoma, WA, before a U.S. Magistrate Judge sitting in the District of Oregon.

6.      **Sentencing Factors**: The charge for conviction in this case is a Class B Misdemeanor. Accordingly, this case is sentenced under the authority given to the court under 18 U.S.C. § 3553(a)[1]. The parties agree that the Court must determine the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

---

[1] The United States Sentencing Guidelines do not apply to a conviction for a Class B Misdemeanor.  *See* USSG §1B1.9 (Class B or C Misdemeanors and Infractions: "The sentencing guidelines do not apply to any count of conviction that is a Class B or C misdemeanor or an infraction," and USSG §1.12, Applicable Guidelines "The guidelines do not apply to any count of conviction that is a Class B or C misdemeanor or an infraction.")

Conor T. Huseby
Re: Yorlenys Betzabeth Zambrano-Contreras Plea Agreement Letter
Page 3
January 14, 2026

7.  **Sentencing Recommendation**: The statutory sentencing range is 0-6 months, *see* 8 U.S.C. §1325(a), with Rule 58 transfer requiring no sentence of imprisonment. *See* Fed. R. Crim. P. 58(a)(2). The parties jointly agree to recommend a sentence of no imprisonment and that defendant be placed on probation for a period of one year along with any sentencing conditions imposed.

8.  **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

9.  **Court Not Bound**: The Court is not bound by the recommendations of the parties. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

10. **Discovery:** Due to the expedited nature of this agreement, defendant agrees that this is a a no discovery agreement and waives any and all claims to challenge that aspect of the case.

11. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

    If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

Conor T. Huseby
Re: Yorlenys Betzabeth Zambrano-Contreras Plea Agreement Letter
Page 4
January 14, 2026

12.     **Memorialization of Agreement**:  No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

13.     **Deadline**:  This plea offer expires if not accepted by January 20, 2026, at 5:00 p.m.

                                        Sincerely,

                                        SCOTT E. BRADFORD
                                        United States Attorney

                                        *Thomas H. Edmonds*

                                        THOMAS H. EDMONDS
                                        Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this agreement.  I wish to plead guilty because, in fact, I am guilty.

1/20/26                                 *Yorlenys Betzabeth Zambrano*
Date                                    Defendant, Yorlenys Betzabeth Zambrano-
                                        Contreras

          I represent the defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

1/20/26
Date                                    Conor T. Huseby, Attorney for Defendant

                                                                Revised Dec. 2024

Conor T. Huseby
Re: Yorlenys Betzabeth Zambrano-Contreras Plea Agreement Letter
Page 5
January 14, 2026

      I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case. I fully and accurately interpreted discussions between the defendant and the attorney.

_1/20/26_
Date

_[signature]_
Interpreter

As read by attorney